# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CHRISTIAN J. NEAL, )
)
      Appellant, )
  v. )
)    **C.A. No.: N19A-12-005 FJJ**
)
UNEMPLOYMENT INSURANCE )
APPEAL BOARD )
)
      Appellee. )

## ORDER

*Upon Consideration of the Appellant's Appeal from the Decision of the Unemployment Insurance Appeal Board – The Board's Decision is* **AFFIRMED.**

This 14th Day of September, 2020, having considered the Appellant's Papers, the Record in this case, decisional and statutory law, it appears that:

1. Appellant Christian Neal ("Neal") appeals a decision of the Unemployment Insurance Appeal Board ("UIAB" or "Board") finding that his employment with Capital One N.A. ("Capital One") was terminated for cause and that he is not entitled to unemployment insurance benefits.

2. Neal was employed in Capital One's call center from November 5th, 2018 until Capital One terminated Neal's employment on June 3rd, 2019. Neal filed an unemployment insurance claim on June 9th, 2019. Capital One has claimed that Neal was terminated for just cause, and that he is therefore

ineligible for unemployment benefits. Specifically, Capital One has claimed that Neal's employment was terminated because he engaged in conduct that minimized the number of customer calls he handled during his shifts– a practice known in the industry as "call avoidance."

3. A Claims Deputy found that Neal's employment had been terminated for just cause and that Neal was therefore disqualified from receiving unemployment insurance benefits on July 12th, 2019. Neal appealed the Claims Deputy's decision to an Appeals Referee. The Appeals Referee held a hearing on the matter and issued a decision reversing the Claims Deputy's decision on August 1, 2019. Capital One appealed the Appeals Referee's decision to the UIAB, which held an additional hearing on September 11, 2019 and subsequently reversed the Appeal's Referee's decision on November 25, 2019.

4. The UIAB found that Capital One had presented sufficient evidence to meet its burden of demonstrating that Neal had been terminated for just cause, and that he therefore did not qualify to receive unemployment benefits. Specifically, the Board found that "[Capital One's] policies make it clear that any call avoidance by its employees is prohibited" and that call avoidance "can result in an immediate conduct memo and/or

termination."[1] The Board further found that Neal had been put on notice of this policy through both his trainings and a Conduct Memo issued in April of 2019.[2] The record in this case contains substantial evidence supporting these determinations.[3]

5. Neal's appeal of the UIAB's decision is now before this Court. Neal has filed a Notice of Appeal from identifying four grounds to overturn the Board's determination that he was terminated for just cause. Specifically, Neal claims that:

   a. Capital One allegedly made false statements during the UIAB appeal hearing.

---

[1] R. at 144.

[2] R. at 144.

[3] *See* R. at 85("If you are jumping in and out of aux states to get to the back of the call queue, that is call avoidance… call avoidance can result in an immediate conduct memo or termination.") *See also* R. at 86 ("This conduct memo serves as a final warning… should the associate violate these expectations or any other policy or procedure of Capital One… he/she could be subject to additional disciplinary action up to an including immediate termination of employment for cause.")

b. He "never admitted improper conduct" in connection with his termination.

c. He had 15 minutes per day to request personal time at his discretion, and never exceeded this time limitation, and

d. He never participated in call avoidance.

6. Each of Neal's grounds for appeal state factual claims and do not allege that the UIAB committed any errors of law. On an appeal, this Court's review of the UIAB's factual findings is limited to determining whether the Board's decision was supported by substantial evidence.[4] Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[5] On appeal, this Court views the facts in the light most favorable to the party which prevailed below. This court does not weigh the evidence presented below, evaluate the credibility of witnesses, or make its own factual findings. Unless the UIAB has committed an error of law, this Court will affirm a decision of the Board as long as it is supported by substantial evidence and does not amount to

---

[4] *Bullock v. K-Mart,* 1995 WL 339025, at *2 (Del. Super. May 5, 1995).

[5] *Olney v. Cooch,* 425 A.2d 610, 614 (Del. 1981).

an abuse of discretion.[6] The UIAB commits an abuse of discretion when its decision exceeds the bounds of reason in view of the circumstances.[7]

7. Neal's Notice of Appeal states that Capital One "made false statements during the appeal [to the UIAB.]" As stated above, the Superior Court does not engage in independent fact-finding or witness credibility determinations in its capacity as an appeals court for decisions of the UIAB.

8. Second, Neal states in his Notice of Appeal that he "never admitted improper conduct." The Board's decision indicates that Neal "admitted that if he hit end call, the next call would come through, so he hit request time to avoid the next call."[8] The record of the Board's hearing supports this finding.[9] The Board concluded that this was a "clear admission that he was violating Employer's call avoidance policy."[10]

---

[6] *Hoffecker v. Lexus of Wilmington*, 2012 WL 341714, at *1 (Del. Feb. 1, 2012).

[7] *Id.*

[8] R. at 144.

[9] R. at 118.

[10] R. at 144.

9. Third, Neal states that he "had 15 minutes a day to use request time and never exceeded [that] time period." While the record does not contain any evidence indicating whether or not Neal exceeded his 15 minutes per day of discretionary break time, this argument does not affect whether or not the UIAB had just cause to terminate Neal's employment for a different reason. As discussed above, the record supports the claim that Neal participated in call avoidance. This is a sufficient basis for Capital One's decision to terminate Neal for just cause, even if Neal never exceeded the 15 minutes per day of discretionary time he was allotted.

10. Finally, Neal's Notice of Appeal states that he "never participated in call avoidance." The record indicates that Neal received training on Capital One's call avoidance policies, and that the conduct which resulted in Neal's termination was covered in his training as a form of call avoidance.[11] The record also indicates that prior to his termination, Capitol One had issued Neal a Conduct Memo indicating that Neal had been "observed by his manager resetting his phone in the phone queue in order

---

[11] R. at 111 ("Q: with regard to. . . call avoidance policy training, was what [Neal] did that resulted in his termination covered in the training as a form of call avoidance? A: Yes, it was.")

to avoid taking calls."[12] The Conduct Memo also said that it would serve as a "final warning" and that any further violations of "any [] policy or procedure of Capital One" could subject Neal "to additional disciplinary action up to and including immediate termination of employment for cause."[13] This evidence meets the threshold of substantial evidence necessary to support the UIAB's finding that Neal engaged in call avoidance, which resulted in his termination.

11. In sum, a review of the factual record indicates that the UIAB's decision is supported by substantial evidence  The grounds which Neal has stated in his Notice of Appeal are not sufficient for this Court to overturn the UIAB's decision.

   **NOW, THEREFORE**, in light of the evidence in the record justifying the UIAB's decision and the absence of any error of law, the decision of the UIAB is **AFFIRMED**.

   **FRANCIS J. JONES**

---

[12] R. at 86.

[13] *Id.*